REID COLLINS & TSAI LLP
William T. Reid IV
R. Adam Swick
Anne M. Bahr
One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200

*Counsel to Liquidator of Creative Finance Ltd. (in Liquidation)*
*and Cosmorex Ltd. (in Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> CREATIVE FINANCE LTD. (IN LIQUIDATION), <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 14- 10358 |
| In re: <br><br> COSMOREX LTD. (IN LIQUIDATION), <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 14-10359 |

**VERIFIED PETITION OF FOREIGN REPRESENTATIVE RUSSELL CRUMPLER IN SUPPORT OF APPLICATION FOR RECOGNITION OF FOREIGN MAIN PROCEEDINGS PURSUANT TO 11 U.S.C. § 1517 AND ADDITIONAL RELIEF**

Petitioner Russell Crumpler of KPMG (BVI) Limited ("**Petitioner**"), is the foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), of Creative Finance Ltd. (in Liquidation) ("**Creative**") and Cosmorex Ltd. (in Liquidation) ("**Cosmorex**" and collectively with Creative, the "**Debtors**"). The Debtors are each debtors in foreign proceedings (the "**BVI Proceedings**"), as defined in Bankruptcy Code section 101(23), in Claim No. BVIHC(COM) 12 of 2014 in the Eastern Caribbean

Supreme Court, in the High Court of Justice, British Virgin Islands (Commercial Division) (the "**BVI Court**").

Petitioner submits this Verified Petition (the "**Verified Petition**") pursuant to sections 1515 and 1517 of the Bankruptcy Code, seeking recognition of the BVI Proceedings as foreign main proceedings and additional relief under sections 1520 and 1521. As set forth below, this application is based upon (i) Petitioner's review of documents and financial records, including third-party pleadings and records; (ii) the books and records of the Debtors; (iii) the work Petitioner has performed in his role as liquidator over the last several months; (iv) communications and dealings with the former directors and members of the Debtors; and (v) Petitioner's personal knowledge.

## PRELIMINARY STATEMENT

1.      Petitioner, as the duly appointed foreign representative of the Debtors, has commenced these Chapter 15 cases under section 1504 of the Bankruptcy Code by filing this Verified Petition, accompanied by all certifications, statements, lists, and documents required by section 1515 of the Bankruptcy Code and Rules 1007(a)(4) and 1008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      The Debtors incorporated under BVI law approximately 19 years ago and their registered office has always been located in the BVI. Currently, the address of their registered office is Marcy Building, 2nd Floor, Purcell Estate, P.O. Box 2416, Road Town, Tortola, British Virgin Islands.

3.      The Debtors were primarily engaged in the business of foreign exchange ("**FX**") trading through accounts provided by third parties. As a result of factors negatively affecting the

2

FX market in 2011, the Debtors were unable to sustain their business strategy and became insolvent due to their inability to unwind their FX positions in a cash positive manner.

4. On December 12, 2013, qualifying resolutions were passed to formally place the Debtors into liquidation and appoint Russell Crumpler of KPMG (BVI) Limited as liquidator pursuant to section 159(2) of the Virgin Islands Insolvency Act of 2003 (the "**Insolvency Act**"). Upon Mr. Crumpler's appointment, the Debtors' liquidations commenced and a stay came into effect in accordance with section 175(1)(c) of the Insolvency Act.

5. On December 17, 2013, Petitioner notified all creditors of his appointment and that the Debtors' first meetings of creditors would take place on January 2, 2014 at his offices in the BVI. At those first meetings, the Debtors' creditors confirmed Petitioner's appointment as liquidator.

6. On February 10, 2014, the BVI Court entered an order noting the application of a stay and specifically sanctioning Petitioner to seek Chapter 15 relief in this Court (the "**BVI Order**").

7. Petitioner, a BVI resident and licensed BVI insolvency professional, has been the sole person authorized to act on behalf of the Debtors. He and his staff have conducted nearly a hundred hours of work on behalf of the Debtors' estates and creditors, centralizing the Debtors' books and records, accounts, and activities in the BVI. Petitioner has also retained third parties, including BVI counsel, to assist with the liquidations.

8. Petitioner has routinely communicated and met with investors and creditors. He has issued a formal report to the Debtors' creditors and established a creditors' committee. In return, no creditor has objected—formally or informally—to Petitioner's appointment as liquidator or the BVI Proceedings. In fact, Creditors have actively participated in the BVI

3

Proceedings, filing claims for $32,464,652.43 in the estate of Cosmorex and $29,067,731.71 in the estate of Creative.

9.  The Debtors' primary assets are their allowed, unsecured claims against the estate of Refco Capital Markets ("**RCM**"). Cosmorex holds a claim against RCM for $105,850,694 and Creative holds a claim for $65,445,347 (collectively, the "**RCM Claims**"). RCM's bankruptcy case is being jointly administered in *In re Refco Inc.*, Case No. 05-60006, in the Bankruptcy Court for the Southern District of New York (J. Drain) (the "**Refco Case**"), and the Refco court continues to retain jurisdiction over matters relating to the liquidation trust, which is currently in place.

10. Prior to their liquidations, the Debtors received some distributions on the RCM Claims totaling approximately 60% of the RCM Claims; the Debtors believe another distribution—likely over $1 million—will occur in or before March of 2014.

11. Petitioner seeks Chapter 15 relief because he seeks to preserve assets for the benefit of all creditors and to equitably distribute those assets to creditors according to BVI law. Of the tens of millions of dollars in filed claims in the Debtors' estates, Marex Financial Limited ("**Marex**"), an FX broker, has filed unsecured claims in the estate of Creative for $5,326,799.55 plus costs and in the estate of Cosmorex for $5,825,720.27 plus costs. Rather than awaiting its distribution from the properly and independently managed BVI Proceedings, Marex has breached the BVI stay by attempting to secure for its sole benefit the Debtors' right to distributions on the RCM Claims. Accordingly, Petitioners request recognition in order to ensure that a single creditor does not receive an unfair advantage over other similarly situated creditors.

4

12. Petitioner satisfies the requirements for recognition of the BVI Proceedings as foreign main proceedings, as defined in section 1502(4) of the Bankruptcy Code, because the center of main interests—or "COMI"—of the Debtors is the BVI. Petitioner has also met the requirements of sections 1515 and 1517 of the Bankruptcy Code. Further, recognition of the BVI Proceedings as foreign main proceedings is not contrary to the public policy of the United States. Rather, recognition would further the goals of Chapter 15 because it would (i) ensure that the BVI Court continues to be the forum for claims administration and asset recovery, (ii) maximize the value of the estates, and (iii) encourage cooperation between courts.

13. The relief requested is necessary to effectively protect, administer, and realize the value of the Debtors' assets for the benefit of all creditors. If recognition is not granted, a single creditor will exercise its rights, notwithstanding the BVI stay, to the detriment of the creditors who have abided by the stay and are properly awaiting their distribution from the Debtors' estates in the BVI Proceedings. Accordingly, Petitioner respectfully requests that the Court (i) recognize the BVI Proceedings as foreign main proceedings, and (ii) grant the additional relief requested herein.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference (Preska, C.J.) dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 108, 1504, 1507, 1509, 1515, 1516, 1517, 1520, and 1521 of the Bankruptcy Code and Bankruptcy Rule 1007.

**BACKGROUND**

15. The Court is respectfully referred to the accompanying Declarations of Russell Crumpler (the "**Crumpler Declaration**") and Julie Engwirda (the "**Engwirda Declaration**"), which set forth the relevant facts in greater detail.

A. **The Debtors**

16. The Debtors were incorporated on February 20, 1995 pursuant to the provisions of the International Business Companies Act, Cap. 291 and were automatically re-registered under the provisions of the BVI Business Companies Act, 2004 on January 1, 2007. Copies of the Debtors' Certificates of Incorporation are collectively annexed to the Crumpler Declaration as Exhibit A.

17. The Debtors have always had their registered office and registered agent in the BVI. Since 2004, the Debtors' registered office has been located at Marcy Building, 2nd Floor, Purcell Estate, P.O. Box 2416, Road Town, Tortola, British Virgin Islands. Since 2004, the Debtors' registered agent has been ProServices Limited, which is located at the same address as the Debtors' registered office.

18. The Debtors were primarily engaged in the business of FX trading through accounts provided by third parties, such as RCM and Marex.

B. **Financial Difficulties and Appointment of the Liquidator**

19. In March 2011, the devastating earthquake and tsunami in Japan severely affected the FX market and specifically the Debtors' positions. As a result, the Debtors were no longer able to sustain their business model. The Debtors are currently insolvent on a cash flow and balance sheet basis.

20. On December 12, 2013, qualifying resolutions were passed to put the Debtors into liquidation and appoint Russell Crumpler of KPMG (BVI) Limited as liquidator pursuant to section 159(2) of the Insolvency Act. The resolutions appointing Mr. Crumpler are annexed to the Crumpler Declaration as Exhibit B. Mr. Crumpler is a BVI resident and a licensed BVI insolvency professional.

21. Under BVI law, the Debtors' liquidations commenced once Mr. Crumpler was appointed as their liquidator and a stay came into effect immediately. *See* Insolvency Act §§ 160, 175.

22. On December 17, 2013, Petitioner notified all creditors of his appointment as liquidator and that the Debtors' first meeting of creditors would take place on January 2, 2014. At that first meeting of creditors, the Debtors' creditors confirmed the liquidator's appointment. Minutes of the first meeting of creditors are annexed to the Crumpler Declaration as Exhibit C.

23. On February 10, 2014, the BVI Court entered the BVI Order, which (i) acknowledged Mr. Crumpler's appointment as liquidator; (ii) noted the application of the BVI stay, and (iii) sanctioned Petitioner to seek Chapter 15 relief in this Court. A certified copy of the BVI Order is annexed hereto as **Exhibit A**.

### C.  Current Financial Condition

24. The Debtors have no known secured creditors. After Petitioner provided notice regarding the opportunity to present claims to all known potential creditors, however, unsecured creditors voluntarily submitted claims in the BVI Proceedings in the estate of Cosmorex for $32,464,652.43 and in the estate of Creative for $29,067,731.71.

25. The Debtors only confirmed significant assets are the RCM Claims. RCM is a debtor in a U.S. bankruptcy case, which is currently being jointly administered with *In re Refco*

*Inc.*, Case No. 05-60006, in the Bankruptcy Court for the Southern District of New York (J. Drain). Cosmorex holds a claim against RCM for $105,850,694 and Creative holds a claim for $65,445,343. The Debtors received some distributions on the RCM Claims prior to their liquidations and understand that the next distribution is likely to occur in or before March 2014. The Debtors estimate that these distributions will exceed $1 million. Accordingly, the future distributions on the RCM Claims will provide the primary source of funds to satisfy the Debtors' creditors in the BVI Proceedings.

26.     As of the date hereof, the Debtors also have an undrawn retainer with Reid Collins & Tsai LLP, the Debtors' U.S. counsel in connection with the filing of this Chapter 15 case, which is being held in an interest-bearing client trust account in the United States (the "**Client Trust Account**"). The Debtors deposited $25,000 in the Client Trust Account on January 30, 2014 and such funds remain there as of the date hereof. Reid Collins & Tsai LLP is only permitted to apply the funds in the Client Trust Account to outstanding invoiced amounts. The Debtors are the beneficiaries of all interest that accrues on the funds in the Client Trust Account. No application of funds from the Client Trust Account is final without authorization from either the BVI Court or a properly appointed creditors committee.

**D.    Petitioner's Actions in the BVI**

27.     From the BVI, Petitioner has been conducting the Debtors' liquidation process since last December. Petitioner is the Debtors' only manager, the only person authorized to act on behalf of the Debtors. Further, Petitioner has been solely responsible for the Debtors' day-to-day management and he has done this consistently. He and his staff have conducted nearly a hundred hours of work on behalf of the Debtors' estates and creditors, centralizing the Debtors'

books and records, accounts, and activities in the BVI. Petitioner has also hired third parties, including retaining BVI counsel, to assist with the liquidation.

28. Petitioner has routinely communicated and met with creditors and they have confirmed Petitioner's appointment as liquidator. Creditors have acquiesced to the BVI Proceedings by filing millions of dollars in claims. In fact, no creditor—formally or informally—has objected to Petitioner's appointment as liquidator or the BVI Proceedings. A creditors' committee has been formed for Cosmorex to oversee and guide Petitioner. Petitioner's fees are subject to the creditors' committee and/or BVI Court approval. Consequently, all creditors have ascertained that the BVI is the Debtors' COMI and expect that the BVI Proceedings will involve an adjudication of the Debtors' claims.

### E. The Need for Chapter 15 Recognition

29. Of the tens of millions of dollars in unsecured claims, Marex has filed claims in the estate of Creative for $5,326,799.55 plus costs and in the estate of Cosmorex for $5,825,720.27 plus costs. Marex's claims derive from a judgment obtained against the Debtors in the High Court of Justice, Queen's Bench Division, Commercial Court, England & Wales, in litigation captioned *Marex Financial Limited v. Creative Finance Limited and Cosmorex Limited*, case No.: 2011 Folio 893 (the "**English Judgment**").

30. To collect on its claims, Marex has been attempting to divert the Debtors' distributions on the RCM Claims to itself to the detriment of all other creditors. On August 29, 2013, Marex commenced proceedings to have the English Judgment recognized and domesticated by a New York court in the action captioned *Marex Financial Limited v. Creative Finance Limited & Cosmorex Limited*, No. 653025/2013 (Sup. Ct. N.Y. Cnty.) (the "**Domestication Proceeding**"). On November 19, 2013, the New York County Clerk entered

9

judgment in favor of Marex (the "**Domestication Judgment**"). Next and significantly—after the liquidator was appointed and gave notice of his appointment to Marex—on December 19, 2013, Marex breached the BVI stay, which was in force pursuant to section 175(1) of the Insolvency Act,[1] by entering into a stipulation with the Trustee of the Refco Private Actions Trust and the Refco Litigation Trust and the Refco Plan Administrator (the "**Stipulation**"). In short, the Stipulation directs future distributions, to which the Debtors would be entitled, to be paid to Marex. Petitioner was not a party to the Stipulation and was only given notice of it after it was executed. On December 30, 2013, the Stipulation was entered by the court in the Refco Case. A copy of the Stipulation as entered is annexed to the Crumpler Declaration as Exhibit D.

31. Marex took these actions notwithstanding the indication that it understood that the BVI is the proper place to collect on its claims. In fact, in the months before filing the Domestication Proceeding, Marex applied to the BVI Court to appoint a liquidator over the Debtors. However, on November 18, 2013, just before the Domestication Judgment was entered, Marex—apparently opting to collect the Debtors' distributions on the RCM Claims for itself—withdrew the applications to appoint liquidators over the Debtors.

32. Accordingly, recognition of the BVI Proceedings as foreign main proceedings would confer upon the Debtors the protection of sections 362 and 1520 of the Bankruptcy Code, thereby preventing one creditor from gaining an advantage over similarly situated creditors and preventing one creditor from otherwise interfering with the BVI Proceedings and the Debtors' estates.

---

[1] Section 175 of the Insolvency Act states in relevant part: " . . . with effect from the commencement of the liquidation of a company . . . (c) unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against assets of the company . . . ."

10

**RELIEF REQUESTED**

33.     Petitioner, as the foreign representative of the Debtors, seeks recognition of the BVI Proceedings as foreign main proceedings (or alternatively as foreign nonmain proceedings) pursuant to sections 1504, 1507, 1509, 1515, and 1517 of the Bankruptcy Code, and seeks relief as of right under section 1520 and certain additional relief available under section 1521.

34.     Specifically, Petitioner seeks entry of an order substantially in the form annexed hereto as **Exhibit B** granting the following relief as necessary to best advance the liquidation of the Debtors in the BVI Proceedings:

- recognizing the BVI Proceedings as foreign main proceedings as defined in section 1502(4);

- granting relief as of right upon recognition of a foreign main proceeding pursuant to sections 1520;

- granting additional relief as authorized by section 1521, including, without limitation:

  - staying the commencement of an action or proceeding involving Marex, concerning the Debtors' assets, rights, obligations, or liabilities to the extent not stayed under section 1520(a);

  - staying any execution by Marex against the Debtors' assets to the extent not stayed under section 1520(a);

  - suspending the right to transfer, encumber, or otherwise dispose of the Debtors' assets to any party other than Petitioner on behalf of the Debtors to the extent not suspended under section 1520(a);

11

- authorizing Petitioner to issue subpoenas, examine witnesses, take 2004 examinations, seek turnover under section 542 of the Bankruptcy Code, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of the Debtors for the purposes of locating and analyzing the Debtors' assets and liabilities, and obtaining recovery of the Debtors' assets;

- entrusting Petitioner with the administration, realization, and distribution of all of the Debtors' assets that are located within the territorial jurisdiction of the United States, including, without limitation, any and all claims and causes of action belonging to the Debtors (including avoidance actions under BVI law);

- extending any relief granted under section 1519(a);

- in the event that the BVI Proceedings are recognized as foreign nonmain proceedings, prohibiting all persons or entities from (i) continuing any action or commencing any additional action against or involving the Debtors or their assets; (ii) enforcing any judicial, quasi-judicial, administrative, or regulatory judgment, assessment, order, or arbitration award against the Debtors; (iii) commencing or continuing any action to create, perfect, or enforce any lien, set-off, or other claim against the Debtors or any of their property; (iv) managing or exercising control over the Debtors' assets in the United States; (v) transferring, relinquishing or disposing of any property of the Debtors to any person or entity other than Petitioner; or (vi) taking any action to procure any right to or interest in the Debtors' distributions regarding the RCM Claims; and

- awarding Petitioner such other and further relief as this Court may deem just and proper.

## BASIS FOR SUCH RELIEF

### A.    Petitioner Has Satisfied the Requirements for Recognition

35.    As set forth in the accompanying Memorandum of Law, the BVI Proceedings are entitled to recognition under section 1517 of the Bankruptcy Code because:

- the BVI Proceedings are (i) foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code; (ii) foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code because the BVI Proceedings are being conducted in the location of the Debtors' COMI; and (iii) in the alternative, foreign nonmain proceedings because they are pending in a location where the Debtors have an establishment;

- Petitioner is a foreign representative within the meaning of section 101(24) of the Bankruptcy Code; and

- the Debtors' Chapter 15 petitions meet the requirements of section 1515 of the Bankruptcy Code.

36.    Recognizing the BVI Proceedings would not be manifestly contrary to the public policy of the United States under section 1506 of the Bankruptcy Code. In fact, granting recognition would further the stated policy goals of Chapter 15 by promoting cooperation between courts, allowing for the fair and efficient administration of cross-border insolvencies, and facilitating the protection and maximization of the Debtors' assets.

37.    Indeed, Chapter 15 recognition will enhance and facilitate Petitioner's ability to realize and distribute the Debtors' assets in accordance with BVI insolvency law. Specifically,

13

Chapter 15 recognition will allow the Petitioner to (i) halt Marex's actions, which violate the Insolvency Act's stay; (ii) identify, evaluate, maximize, and preserve assets of the Debtors that may be located in the United States, including the Debtors rights to distribution for the RCM Claims; and (iii) facilitate the efficient administration of the Debtors' assets in one proceeding so as to prevent a piecemeal disposition or degradation of assets that would undermine the BVI Proceedings and harm the Debtors and their creditors.

38. The following documents are annexed hereto in support of this Verified Petition, as required by section 1515 and Bankruptcy Rules 1007 and 1008:

- pursuant to section 1515(b), copies of the Debtors' resolutions appointing Petitioner as liquidator are annexed collectively to the Crumpler Declaration as Exhibit A and a certified copy of the BVI Order authorizing this Chapter 15 application is annexed hereto as **Exhibit A**;

- pursuant to 11 U.S.C. § 1515(c), a statement certifying, among other things, that no foreign proceeding with respect to the Debtors are known to Petitioner, annexed as **Exhibit C**;

- pursuant to Bankruptcy Rule 1007(a)(4), annexed hereto as **Exhibit D** is:

  - a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1;

  - a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Debtors; and

  - a list of all known parties to litigation and/or arbitration pending in the United States in which the Debtors are a party at the time of the filing of the Petitions.

- pursuant to 28 U.S.C. § 1746, a verification by Petitioner regarding this Verified Petition, annexed hereto as **Exhibit E**.

14

39. Petitioner is entitled to entry of an order recognizing the BVI Proceedings as foreign main proceedings because (i) the BVI Proceedings are foreign proceedings under section 101(23), (ii) Petitioner is a foreign representative under section 101(24), (iii) the Debtors' COMI lies in the BVI, (iv) Petitioner has complied with all requirements of 11 U.S.C. § 1515 and Bankruptcy Rule 1007(a)(4), and (v) recognition of the BVI Proceedings would not be contrary to public policy under 11 U.S.C. § 1506.

40. Alternatively, in the event the Court determines that the BVI Proceedings are not eligible to be recognized as foreign main proceedings as Petitioner believes they should, the BVI Proceedings should be recognized as foreign nonmain proceedings as defined in 11 U.S.C. § 1502(5) because, as set forth in the supporting Memorandum of Law, the Debtors at a minimum maintain an establishment in the British Virgin Islands where nontransitory economic activity takes place.

### B. Recognition of the BVI Proceedings and the Additional Relief Requested will Benefit All Creditors

41. The BVI Proceedings provide a centralized process to assert and resolve claims against the Debtors, and to make distributions to the Debtors' creditors. Relief and recognition are requested to protect the Debtors' assets and maintain, as well as maximize, value for the Debtors' creditors. Central administration of these assets is critical to any meaningful realization of their value.

42. The BVI Proceedings and the relief requested herein will protect the Debtors' assets, provide Petitioner with access to information necessary to assemble the assets and claims of the Debtors for administration, enforce and protect the Debtors' rights against third parties with respect to such assets, and maximize the value of the Debtors' assets for the benefit of their creditors.

43. Thus, Petitioner now seeks recognition of the BVI Proceedings as foreign main proceedings in order to garner and administer the Debtors' assets that may be located and held in the United States for the benefit of all of the Debtors' creditors.

44. Petitioner also seeks additional relief so that he may—if it becomes necessary—conduct discovery regarding Marex's actions regarding the Domestication Proceeding and subsequent actions relating to the Refco Case. This may be necessary to ensure that Marex does not receive an unfair advantage over other similarly situated creditors.

## NO PRIOR REQUEST

45. No prior motion or application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

46. WHEREFORE, Petitioner respectfully requests that this Court enter an order recognizing the BVI Proceedings as foreign main proceedings, granting additional relief upon recognition substantially in the form annexed hereto as **Exhibit B**, and granting such other and further relief as is just and proper.

Dated: February 18, 2014
       New York, New York

                                        REID COLLINS & TSAI LLP

                                        */s/ William T. Reid, IV*
                                        William T. Reid IV
                                        R. Adam Swick
                                        (pro hac vice pending)
                                        Anne M. Bahr

16

One Penn Plaza, 49th Floor
New York, New York 10119
Tel.: (212) 344-5200
Fax: (212) 344-5299

*Counsel to Liquidators of Creative Finance Ltd. (in Liquidation) and Cosmorex Ltd. (in Liquidation)*